**Brenna K. Legaard,** OSB #001658
Email: blegaard@schwabe.com
**Jeffrey Eden,** OSB #851903
Email: jeden@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: (503) 222-9981
Facsimile: (503) 796-2900

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **A.F.,** by and through his father **SCOTT FOURNIER,**<br><br>Plaintiff,<br><br>**v.**<br>**PORTLAND PUBLIC SCHOOL DISTRICT,** an Oregon public school district**,**<br><br>Defendant. | Case No. 3:19-cv-01827<br><br>**COMPLAINT**<br><br>(Violation of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §701 et seq.<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

Plaintiff A.F., by and through his father Scott Fournier, brings this action against Portland Public Schools ("the District") for failure to accommodate A.F.'s disability in violation of the Americans with Disabilities Act and the Rehabilitation Act.

## JURISDICTION AND VENUE

1.      Jurisdiction is conferred on this Court pursuant to 28 USC § 1331, as this action arises under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("the ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("the Rehabilitation Act").

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\127174\195448\BKL\26570782.1

2.      Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because all parties reside in Multnomah County, Oregon, and because a substantial portion of the events described in this complaint occurred in Multnomah County, Oregon, within the boundaries of the Portland Division of the District of Oregon.

## THE PARTIES

3.      A.F. is a twelve-year-old minor who resides in Portland, Oregon, within the boundaries of the District.  At the time of each violation herein, A.F. was a qualified individual with a disability within the meaning of the ADA and the Rehabilitation Act.

4.      The District is located within Multnomah County and is a public school district organized and existing under the laws of the State of Oregon.  At all times relevant herein, the District was the educational agency responsible for providing A.F. with full and equal access to the public education programs and activities it offers in compliance with the requirements of federal law.  The District receives federal funding.

## INTRODUCTION

5.      This case concerns the District's decision to prohibit the provision of mental and behavioral healthcare at school, even to children who are in crisis.  Plaintiff A.F.'s therapists, neurodevelopmental pediatrician, classroom teacher, and parents all agree that A.F. is in crisis, and that A.F.'s crisis could and should be addressed through the provision of ABA therapy at school.

6.      This therapy would be provided by A.F.'s private therapists at no cost to the District.  It would not disrupt the education of A.F. or any of his classmates.  The District nevertheless prohibits it, and has never provided an explanation for its prohibition.

Page 2 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\127174\195448\BKL\26570782.1

7.      The District's decision to prohibit the provision of medically necessary mental

healthcare has exaberated and perpetuated A.F.'s crisis, and has risked his health, safety, and

wellbeing, as well as the safety of District staff.  It has disrupted the provision of educational

services to others.  It has prevented A.F. from accessing educational services, it has injured A.F.,

and if it continues, it will cause A.F. permanent harm.

8.      Because the District has prohibited the provision of mental and behavioral

healthcare by A.F.'s private therapist, his teachers have been forced to manage his mental health

crisis.  A.F.'s teachers are not mental health professionals.  They are teachers.  In refusing to

accommodate the provision of mental healthcare by mental health professionals, the District

forces teachers to cope with unmet mental health needs, which is unfair to teachers, and can lead

to tragic consequences for children such as A.F.

### FACTUAL BACKGROUND

9.      A.F. has been diagnosed with autism spectrum disorder ("autism") and anxiety

disorder. A.F. is a bright, friendly, loving boy.  He loves reading, numbers, and playing his

piano.  Before the District prohibited the provision of medically necessary healthcare and

exacerbated A.F.'s crisis, A.F. had no history of physical or aggressive behavior.

10.      As a result of his autism, A.F. experiences a host of challenges.  He processes

sensory input differently, and as a result can become easily overwhelmed.  He has experienced

developmental delays, and he has difficulty expressing himself verbally, understanding spoken

language, regulating his emotions, interacting with his peers, and focusing on tasks.  These

difficulties coupled with his anxiety disorder cause him painful and often debilitating anxiety.

When he is overwhelmed or frustrated he responds by acting out.  He may scream, throw items,

or tip over furniture.  He is by nature a very gentle child, but when he is experiencing anxiety or

Page 3 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\127174\195448\BKL\26570782.1

is upset or overwhelmed he may try to escape a situation, and may respond to efforts to impede

his escape or restrain him in a way that can risk injury to A.F. and to others.

11.    A.F. has been prescribed Applied Behavior Analysis ("ABA") therapy by his

neurodevelopmental pediatrician as a medically necessary treatment for his autism.

12.    ABA therapy is the gold standard for autism treatment.  It has been studied for

decades, and has and has been associated with gains in language and communication, improved

attention, focus, and social skills, and decreases in the incidence and severity of maladaptive

behaviors.  A.F.'s therapy is administered pursuant to a treatment plan designed and

implemented by a Board Certified Behavior Analyst ("BCBA").  The treatment plan does not

merely describe strategies to manage A.F.'s maladaptive behaviors, it establishes as goals well-

defined and measurable growth in A.F.'s development and abilities, such as his capacity to cope

with stress and anxiety and manage his emotions, and his ability to process language,

communicate with others, interact with peers, and focus on tasks.  The treatment plan is

implemented by therapists who have received specialized training in ABA therapy and who work

one-on-one with A.F. under the supervision of the BCBA.  ABA therapists use specialized data

collection methods to track progress toward developmental and behavioral goals which are

defined in a treatment plan.

13.    It is medically necessary for A.F. to receive ABA therapy in multiple settings,

including at home, at school, and in the community, so that ABA therapy can be used to address

his developmental and behavioral deficits across multiple settings.  It is medically necessary for

A.F. to receive ABA therapy in multiple settings so that the gains he makes through therapy can

be generalized, and to ensure that these gains are permanent.

Page 4 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

14.     ABA therapy has been very helpful for A.F.  Through ABA therapy, the incidence and severity of his maladaptive behaviors decreased markedly, and he has realized significant developmental gains, including improvements in his ability to communicate, focus, and engage with other people including his peers, with a resulting marked improvement in his social skills.

15.     In August of 2019, A.F. began attending sixth grade at Jackson Middle School ("Jackson").  Despite the best efforts of Jackson's highly qualified educators, upon being confronted with this new and markedly more complex environment, A.F. immediately experienced a significant increase in the symptoms of his autism as well as in his anxiety disorder, including a regression in his communication and social skills and a marked increase in the incidence and severity of maladaptive behaviors.  A.F. began screaming frequently, tipping over chairs, removing others' eyeglasses from their faces, and throwing objects.  The combination of these maladaptive behaviors and A.F.'s urgent need to improve his capacity for emotional regulation, focus, and communication have prevented A.F. from accessing educational services at Jackson.  They have interfered with his ability to focus on tasks and interact with peers, and they pose a risk to A.F.'s safety.  They have resulted in A.F.'s exclusion from mainstream classes, they have caused him to be removed from his special education class, and they have resulted from his exclusion from school.

16.     Since A.F. began attending school at Jackson Middle School, the incidence and severity of his maladaptive behaviors have increased across all settings, including at home and in the community.  His communication skills have regressed, as has his ability to cope with stress and manage his emotions.  His general anxiety level has increased significantly, and he is increasingly fearful.  His mental health is deteriorating.

Page 5 -     COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

17.     A.F. needs to receive ABA therapy at Jackson Middle School as a medical treatment for his autism.  Since A.F. transitioned to middle school, he is in crisis, and it is vital to his mental health that he receive ABA therapy in school, as school is where A.F. is struggling the most.  A.F.'s primary teacher and case manager at Jackson, the Jackson school psychologist, and A.F.'s parents all agree that A.F. is in crisis.  Without ABA therapy at school, A.F.'s crisis will continue, and will likely continue to worsen.  He cannot receive medically necessary treatment for his autism as prescribed by his neurodevelopmental pediatrician without receiving ABA therapy at school.

18.     On November 3, 2019, A.F.'s neurodevelopmental pediatrician, Dr. Robin McCoy, opined that he is in crisis and is in urgent need of ABA therapy in school to address this crisis.  A redacted copy of Dr. McCoy's letter expressing these opinions is attached hereto as Exhibit A.

19.     Plaintiff has informed District that A.F. needs to receive ABA therapy at school.  A.F.'s ABA therapist has observed A.F. at school and has recommended that he receive ABA therapy at school.  Dr. McCoy's letter was shared with District on November 4, 2019.  A.F.'s classroom staff believes that A.F. needs to receive therapy at school and is ready and willing to accommodate this therapy.  They have determined that the provision of this therapy will not be disruptive and will not fundamentally alter the school setting.

20.     District has refused to permit the provision of ABA therapy to A.F. at school.  District permits A.F.'s therapist to observe A.F. in the classroom, but as a condition precedent required the therapist and A.F.'s parents to enter into an agreement that prohibits the therapist from communicating with the classroom staff outside the presence of a District representative, and prohibits her from providing therapy to A.F.  This agreement is attached hereto as Exhibit B.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\127174\195448\BKL\26570782.1

21.     Rather than accommodate the provision of medically necessary healthcare, the District has increased the time an "autism coach" spends in the classroom, and has implemented a plan to respond to A.F.'s maladaptive behaviors.  The "autism coach" is not a mental or behavioral healthcare professional.  She cannot provide ABA therapy, as she is not an ABA therapist.  The behavior plan does not address A.F.'s urgent need to improve his capacity for emotional regulation, focus, or receptive or expressive communication.  And regardless, these actions have been completely ineffective in realizing any improvement in A.F.'s behavior, as A.F.'s behavior resulted in his exclusion from school after these steps were implemented.

22.     Deprived of ABA therapy when and where he most needs it, A.F. is in crisis.  The symptoms of his under-treated autism are dramatically impairing his ability to function in all settings including at school.  His communication abilities have regressed, as has his ability to cope with stressors, his autistic symptoms continue to increase, and despite changes in his medication, his anxiety is highly elevated.  His maladaptive behaviors continue to increase in frequency and intensity.  Continuing to subject him to the complex and demanding environment at Jackson while denying him the medically necessary care he needs to be successful there risks permanent harm to his development and his mental health.  A.F. has been excluded from mainstream classes, he has been excluded from his special education class, and on one occasion so far he has been excluded from school as a result of the District's refusal to allow him to receive the ABA therapy his neurodevelopmental pediatrician has prescribed.

23.     Because A.F. needs to receive ABA therapy at a therapeutic intensity, A.F. spends much of his day in school, and the District refuses to permit A.F. to receive therapy in school, the District is forcing A.F. to either forego necessary medical treatment by attending Jackson Middle School or forego an education by being removed from school to receive treatment.  A.F.'s

Page 7 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

parents are concerned that they will soon need to remove A.F. from school so that he can receive therapy, and therefore that A.F. is in imminent risk of being denied access to school for reason of his need for therapy.

24.     Permitting A.F.'s ABA therapists to provide ABA therapy at Jackson Middle School is a reasonable accommodation of A.F.'s autism.  It would be free to the District, as the cost would be born by A.F.'s family, and it would not interfere with classroom activities.  This accommodation would permit A.F. to stay in school, receive medically necessary therapy, and participate in and access educational services and activities provided by the District.

25.     A.F.'s therapists are ready and willing to provide ABA therapy at school in a manner intended to avoid or minimize disruption to the classroom and any other burden or inconvenience to the District.  On information and belief, the District knows that the provision of ABA therapy to A.F. at school will not disrupt the classroom, and will not fundamentally alter the school setting.

26.     On or before October 21, 2019, the District was made aware of A.F.'s need for ABA therapy.  Specifically, the District was made aware of A.F.'s maladaptive behaviors and was informed that A.F.'s teacher and parents believe he is in crisis and that his behavior is in urgent need of intervention.  On that date and on subsequent dates thereafter, Plaintiffs have requested that A.F. be permitted to receive ABA therapy in the classroom but the District has persisted in refusing to permit it without providing any explanation whatsoever despite the continued increase in A.F.'s autistic symptoms and continued deterioration in his ability to regulate his behavior.

27.     Medical treatment for autism through ABA therapy is not available from the District.  The District has made that clear through the Parent Consent for Private ABA Provider

Page 8 -    COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

to Access School Program that it required Plaintiff to sign before A.F.'s ABA therapist would be

permitted to observe A.F. on school grounds, which explicitly acknowledges that the provision

of ABA therapy by A.F.'s private therapist meets A.F.'s "medical and/or non-educational needs"

and "is not part of [A.F.'s] IEP, and is not provided at school district expense." Ex. B.

28.     A.F. requires ABA therapy to address his mental, behavioral, and developmental

needs and to achieve full and equal access to the public education programs and activities that

the District offers.  A.F. does not require ABA therapy to address his educational needs as his

teachers are providing appropriate instructional services to A.F.

29.     A.F.'s classroom personnel have determined that the provision of ABA therapy

would not disrupt the classroom.  The District has never determined through an appropriate, fact-

specific investigation that ABA therapy at school is a not reasonable accommodation of A.F.'s

autism.

## COUNT 1

### (Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq*)

30.     A.F. incorporates each and every allegation above as if fully set forth herein.

31.     A.F. is a qualified individual with a disability under the ADA because his autism

is a physical or mental impairment that substantially limits one or more major life activities.

32.     The District receives federal funding.

33.     A.F. requires ABA therapy at school as a medical treatment for his autism in

order to ameliorate the symptoms of his autism and avoid harm to his mental health and

development.  If he is denied this therapy, his untreated autism prevents him from enjoying

meaningful access to the benefits of a public education and the deprivation of medically

necessary medical services causes him real and lasting harm.  The District has refused to permit

Page 9 -     COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\127174\195448\BKL\26570782.1

A.F. to receive ABA therapy at school even though this modification is necessary to avoid

discrimination against A.F. on the basis of his autism, and even though modification of this

policy would not fundamentally alter any District program or service system.

34.     The District has violated the ADA by failing and refusing to make reasonable

accommodations necessary for A.F. to access the District's programs and services.

35.     The District has violated the ADA by excluding and/or not affording him an equal

opportunity to participate in or benefit from its programs and services in equal measure to the

participation in or benefit afforded to others.

36.     The District has violated the ADA by limiting him to aids, benefits, or services

that are ineffective in affording equal opportunity to participate in the District's benefits and

services as those afforded to others.

37.     The District was on notice and was fully aware of A.F.'s need for ABA services

at school but refused to permit the provision of those services.

38.     A.F.'s ABA therapists were available at all relevant times to provide therapy at

school as a reasonable accommodation of A.F.'s autism.  The District knew that ABA treatment

for A.F. at school could be provided at no cost to the District and would not be disruptive or

fundamentally alter the school setting.

39.     As a result of the District's refusal to accommodate A.F.'s need for ABA therapy

at school, A.F. has been harmed and continues to be harmed.

40.     The District has intentionally discriminated against A.F. by acting with

deliberately indifference to A.F.'s need for ABA therapy at school.  At all relevant times, the

District knew that denying A.F. this accommodation meant that by reason of his autism he is

denied the benefit of programs and services offered to others.  A.F.'s parents repeatedly

Page 10 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\127174\195448\BKL\26570782.1

requested that A.F. be permitted to receive ABA at school, and District personnel has been fully aware of both A.F.'s need for accommodation and the mental, psychological, emotional, and developmental damage that has resulted from their refusal to provide this accommodation.  The District has been deliberately indifferent to A.F.'s unmet needs and to the harm their refusal to accommodate his needs has caused.

41.    A.F. suffers ongoing and irreparable harm as a result of the District's continued discrimination and violations of the ADA and this harm will continue until the District's conduct is declared unlawful and enjoined by this Court. There is no adequate remedy at law.

## COUNT II

### (Violation of the Rehabilitation Act, 29 U.S.C. § 701 et seq.)

42.    A.F. incorporates each and every allegation above as if fully set forth herein.

43.    A.F. is a qualified individual with a disability under Section 504 of the Rehabilitation Act in that his autism is a physical or mental impairment that substantially limits one or more major life activities.

44.    The District receives federal funding.

45.    The District has violated the Rehabilitation Act by failing and refusing to make reasonable accommodations for A.F. to access the District's programs and services, by utilizing criteria and methods of administration that subject A.F. to discrimination on the basis of his disability, by not affording A.F. an equal opportunity to participate in the District's benefits and services as those afforded others, by not making reasonable accommodations, and denying meaningful access to a public benefit.

46.    The District has been and continues to be deliberately indifferent to A.F.'s need for ABA therapy at school.  Denying him this accommodation means that A.F. has been denied

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\127174\195448\BKL\26570782.1

the benefit of programs and services offered to others by reason of his autism.  This denial of access to critical programs and services has resulted in mental, psychological, emotional, and developmental damage to A.F.

47.     Consequently, A.F. is suffering ongoing and irreparable harm by the District's violations of the Rehabilitation Act, and the harm will continue unless and until the District's conduct is declared unlawful and is enjoined by this Court.  There is no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor against the District, granting the following relief:

A.     A preliminary and permanent injunction requiring the District to permit A.F. to receive ABA therapy at school;

B.     An award of damages to be proven at trial;

C.     An award of reasonable attorneys' fees, costs, and expenses under any applicable law;

D.     An award of pre-judgment and post-judgment interest at the highest lawful rates; and

E.     Such other and further relief as the Court deems just and proper.

Page 12 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Dated this 13th day of November 2019.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.


By:     s/ Brenna K. Legaard
        Brenna K. Legaard, OSB #001658
        Email: blegaard@schwabe.com
        Jeffrey Eden, OSB #851903
        Email: jeden@schwabe.com
        1211 SW 5th Avenue, Suite 1900
        Portland, OR 97204
        Telephone: 503-222-9981
        Facsimile: 503-796-2900

        *Attorneys for Plaintiff*

Page 13 -   COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

PDX\127174\195448\BKL\26570782.1